STEVEN KALAR
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94607
(510) 637-3500 (phone)
(510) 637-3507 (fax)

Counsel for Defendant KAWAN HARDY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAWAN HARDY,<br><br>Defendant. | No. CR 14-0044 YGR<br><br>**SENTENCING MEMORANDUM**<br><br>Honorable Yvonne Gonzalez-Rogers<br>Date: June 26, 2014<br>Time: 2:00 p.m. |

## INTRODUCTION

Kawan Hardy will be sentenced on June 26, 2014, after having pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §922(g)(1). The probation officer calculates the guideline range to be 24 -30 months and recommends 30 months custody. Presentence Report (PSR), Sentencing Recommendation. The parties' Rule 11(c)(1)(C) agreement contemplates a low end sentence, which in this case would be 24 months custody. Plea Agreement at ¶8. Mr. Hardy asks the Court to sentence him consistent with the agreement to 24 months custody. He submits this memorandum in support of his request. Attached as Exhibit A is a letter from Kawan Hardy.

## DISCUSSION

**A. A Sentence of Twenty-Four Months Custody is Consistent with the Agreement and Sufficient to Satisfy the Goals of Sentencing**

The Supreme Court has made it very clear that the Guidelines are now neither mandatory nor presumed reasonable. *United States v. Booker*, 543 U.S. 220 (2005); *see also Pepper v. United States*, 131 S. Ct. 1229, 1245 (2011); *Nelson v. United States*, 555 U.S. 350, 129 S. Ct. 890, 892 (2009); *Rita v. United States*, 551 U.S. 338 (2007); *Kimbrough v. United States*, 552 U.S. 85, 90-91 (2007); *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). After *Booker*, district courts at sentencing have an "overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Pepper*, 131 S. Ct. at 1242. The Guideline range is only one factor for the district court to consider in making this judgment, but it may not be weighed more heavily than any other statutory factor. *Gall*, 552 U.S. at 50; *Carty*, 520 F.3d at 991.

In sentencing a defendant, courts are required to consider the factors listed in 18 USC. § 3553(a) in imposing a sentence. In this case, after considering all relevant factors, Mr. Hardy asks the Court to sentence him to 24 months custody. This sentence is sufficient to comply with the purposes of sentencing. Some of these factors under §3553(a) are discussed below.

**1. Nature and circumstances of the offense**

Under 18 U.S.C. §3553(a), the Court should consider the nature and circumstances of the offense in determining the appropriate sentence. In this case, Kawan Hardy pled guilty to being a felon in possession of ammunition after a car which he was driving was stopped by the Antioch Police Department and he was searched and found to be in possession of the ammunition charged.

PSR ¶8. Kawan accepts full responsibility for the offense. In his statement to the probation officer he said:

> I wanted to protect myself and my family, feeling that I was the man in the house. I also known now that I can no longer carry a firearm and I need to move so that I can be safe from all the violence.

PSR ¶13. While Kawan has prior convictions for being in possession of a firearm, the most he ever served in custody was seven months. PSR ¶30. The proposed sentence of twenty four months serves as incremental punishment and would result in Kawan serving more than three times as long in custody as his most severe prior sentence. The custodial sentence will be followed by federal supervision which will require Kawan to be far more accountable for his actions than he has had to be in the past. Should he not do what is required on federal supervision, he understands that the consequences could be severe. Moreover, Kawan is housed with other federal inmates and he recognizes that the time he faces in this case is relatively low compared to others facing federal criminal charges. He recognizes that he cannot possess ammunition or a firearm in the future despite any concern for his safety. Based upon the nature and circumstances of the offense, the proposed within guideline sentence of 24 months custody is warranted.

**2. History and characteristics of the defendant**

The history and characteristics of Kawan Hardy is an additional factor for the Court to consider under 18 U.S.C. section 3553 in determining whether to sentence him consistent with the plea agreement. Some things the Court should consider include Mr. Hardy's difficult and chaotic upbringing, his mental health issues, and his youth.

For example, the Ninth Circuit has determined that disadvantaged upbringing, including the lack of guidance as a youth, may be the basis for a lower sentence *See e.g. Landrigan v. Schriro*,

441 F.3d 638, 648 (9th Cir. 2006), *United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991). As described in the PSR, Kawan's mother was a drug addict and a felon and his father was also a felon. PSR ¶51. Both parents were in and out of jail when Kawan was young. *Id.* Kawan had a step-father who has also spent time in prison. *Id.* Furthermore, he was exposed to domestic violence when he was very young. *Id.* Mr. Hardy described to the probation officer the violence that he was witnessed both in the home, when he saw his father beat his mother, and in the neighborhoods, including Sobrante Park in Oakland, where he remembers seeing dead bodies, shootings and physical fights "all the time." *Id.* at ¶60. It is clear that Kawan's disadvantaged upbringing and lack of guidance as a youth are mitigating circumstances which apply in this case.

In addition, Kawan Hardy's mental health is a factor which warrants leniency. Kawan recognizes that he got in a lot of fights when he was a kid and was referred to an anger management program when he was 14 years old and attended therapy sessions. *Id* at ¶60. His exposure to the violence described above and dead bodies left him both traumatized but also desensitized to such an extreme environment and way of thinking. *Id* . Mr. Hardy knows that he needs to continue to address his issues and, in his letter to the Court, he makes it clear that he plans to do just that:

> My time of imprisonment will . . . be looked at as time to personally critique and assess my own character. Since I've been housed at Glenn Dyer Detention Facility, I've been enrolled in G.E.D/high school equivalency classes, I've advanced mentally and physically. . . I was exposed to violence at a very young age, which is why I plan to reevaluate my whole thought process. . . I would like to not be seen in the light in which my previous arrests and certain situations have put me in. Pleas [sic] & thank you.

Exhibit A. Where an individual commits an offense, at least in part, because of mental health issues, lenity is appropriate. *See, e.g. United States v. Cantu*, 12 F.3rd 1506, 1512, 1516 (9th Cir. 1993)(The

goal . . .is lenity towards defendants whose ability to make reason decisions is impaired); *United States v. Lewinson*, 988 F.2d 1005 (9th Cir. 1993)(drug use was both "a product and factor of his impaired condition."). In this case, Kawan's possession of ammunition is related to the violence which surrounded him growing up and the resulting desensitization to that violence. But Kawan is determined to, in his words, change his "thought process." Exhibit A. He knows that counseling is needed and intends to take advantage of whatever treatment is offered to move forward in a positive manner. The Court should consider Kawan's mental health as a factor under 18 U.S.C. §3553(a).

Third, and perhaps most significant, is Mr. Hardy's youth. He was 20 years old at the time that he committed the offense in this case and is now just 21 years old. In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court held that the district court properly considered, among other things, that the defendant was just twenty years old when he committed the offense. *Gall*, 552 U.S. at 57-58 (It was "not unreasonable for the District Judge to view Gall's immaturity at the time of the offense as a mitigating factor."). *See also Miller v. Alabama*, 132 S. Ct. 2455, 2463-65 (2012)(prohibiting certain types of punishment for juveniles and discussing the lesser culpability of juvenile offenders and constitutional difference between juveniles and adults for purposes of sentencing.); *Graham v. Florida*, 130 S. Ct. 2011, 2028 (2010)(same). In these rulings, the Supreme Court has made it clear that, as compared to adults, juveniles have a "lack of maturity and an underdeveloped sense of responsibility" and are more vulnerable to negative influences such that it is difficult to differentiate between juvenile offenders whose crimes reflect "transient immaturity" and the "rare juvenile offender whose crime reflects irreparable corruption." *Graham v. Florida*, 130 S. Ct. 2011, 2028.

Kawan is barely an adult but he recognizes, maybe for the first time, that he needs to do some self-assessment of his character. Exhibit A. He should be given an opportunity to demonstrate to the

Court that his actions have been a product of his "transient immaturity" rather than any "irreparable corruption."

**3. The need to show respect for the law, just punishment, adequate deterrence and to protect the public as well as for correctional treatment**

Finally a sentence of 24 months custody promotes respect for the law, provides just punishment and serves the purpose of adequate deterrence. It provides incremental punishment while recognizing that Kawan Hardy is still young and can make the necessary changes to be productive and law-abiding. He has already started to make those changes in custody. He does not need any further deterrence beyond the agreed-upon sentence. A sentence of 24 months custody also satisfies the need to provide a defendant with educational or vocational training or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2)(D). Mr. Kawan needs education, counseling and job training but has already begun to take advantage of what is offered in custody. He has always viewed himself as the protector of his family but is motivated to be a positive role model as well. For these reasons, a guideline sentence of twenty-four months custody is reasonable, appropriate and sufficient but not greater than necessary to address the goals of sentencing.

## CONCLUSION

For the reasons discussed above, Kawan Hardy respectfully requests that this Court sentence him to 24 months imprisonment.

DATED: June 20, 2014

Respectfully submitted,

STEVEN KALAR
Federal Public Defender
/s/
JOYCE LEAVITT
Assistant Federal Public Defender

# EXHIBIT A

U.S. v. Kawan Hardy
CR 14-0044 YGR
SENTENCING MEMORANDUM

Dear Ms.Rogers,

My name is Karen Hardy. I'm using this opportunity to inform you that my time of imprisonment will not be looked at as a negative experience, but as reciprocation for the crime I've committed. This time will also be looked at as time to personally critique and assess my own character. Since I've been housed at Glenn Dyer Detention Facility, I've been enrolled in G.E.D/high school equivalency classes, I've advanced mentally & physically. I've come to the conclusion that whenever something negative, deadly, or non humane occurs the threat of being incarcerated is extremely high. My current state of adversity is a prime example. I completely accept all responsibility and reasonable consequences of my actions. I would like to apologize for my actions. I do not wish to place the blame on anyone, However I

Was exposed to violence at a very young age, which is why I plan to reevaluate my whole thought process.

All in all I would like to not be seen in the light in which my previou arrests and certain situations have put me in. Pleas & thank you.

Sincerely, Kawan Hardy