MELINDA HAAG (CABN 132612)
United States Attorney

DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

AMANDA BECK (CABN 287667)
Special Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, CA 94612
Telephone: (510) 637-3680
Fax: (510) 637-3724
E-Mail: amanda.beck@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAWAN HARDY,<br><br>Defendant. | No. 4:14-CR-044 YGR<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: June 26, 2014<br>Time: 2:00 p.m.<br>Court: Hon. Yvonne Gonzalez Rogers |

The United States respectfully submits the following sentencing memorandum in support of the parties' 11(c)(1)(C) plea agreement, which suggests a 24-month prison sentence, 3 years of supervised release, forfeiture, and a $100 special assessment for the defendant.

**BACKGROUND**

The defendant, Kawan Hardy, is a two-time felon with a criminal history dating to his 14th birthday. His previous convictions are primarily for gun offenses, including possessing loaded and concealed firearms. In this case, the defendant has pled guilty to illegally possessing nine .357-caliber bullets, which he was carrying in the pocket of his sweatshirt. Police discovered these bullets following a routine traffic stop of the car the defendant was driving. In addition, while the defendant is not

charged with possessing a gun, the parties' plea agreement includes an offense level enhancement because the defendant's car also held a .357-caliber Smith & Wesson revolver, which had been stolen from the home of a police officer about 13 years ago.

On January 23, 2014, the Grand Jury returned a single-count indictment charging the defendant with violating 18 U.S.C. § 922(g)(1), being a felon in possession of ammunition. Pursuant to a Rule 11(c)(1)(C) plea agreement, the defendant pled guilty to the indictment before this court on April 10, 2014. The plea agreement calculates the defendant's Adjusted Offense Level as follows:

| | |
|---|---|
| Base Offense Level<br>U.S.S.G. § 2K2.1(a)(6)(A)<br>Defendant was a prohibited person at the time of the offense | + 14 |
| Specific Offense Characteristic<br>U.S.S.G. § 2K21.1(b)(4)(A)<br>The offense involved a stolen firearm | + 2 |
| Acceptance of Responsibility<br>U.S.S.G. § 3E1.1 | - 3 |
| Adjusted Offense Level | 13 |

## SENTENCING RECOMMENDATION

### A. The Defendant's Criminal History Category is IV.

The government concurs with the U.S. Probation Officer's conclusion that the defendant's Criminal History Category is IV. *See* Presentence Investigation Report ("PSR") ¶ 34.

On July 13, 2007, when the defendant was 14 years old, he participated in a physical altercation that, among other injuries, broke the victim's hand. *Id.* ¶ 26. The defendant was convicted of disturbing the peace, a misdemeanor crime. *Id.* His case was handled by the juvenile system. *Id.* His short juvenile sentence occurred more than five years before the instant offense. *Id.* Therefore, it does not generate any criminal history points. *See* U.S.S.G. § 4A1.2(d)(2)(B).

On November 15, 2009, the defendant was arrested after participating in a fight with another victim, whom he held in a headlock and whose cell phone he stole. PSR ¶ 27. The defendant was 16 years old at the time and was sentenced to 11 days in Solano County Juvenile Hall. *Id.* This sentence yields one criminal history point because his sentence was shorter than 60 days and because it was imposed fewer than five years before the instant offense. *See* U.S.S.G. §§ 4A1.1(c); 4A1.2(d)(2)(B).

On March 26, 2010, the defendant was again arrested after causing a disturbance at school. PSR ¶ 28. In this incident, he refused to leave after being told he was suspended for violating the school's dress code. *Id.* The defendant, who was 17 years old, was sentenced to 14 days in Solano County Juvenile Hall. *Id.* This sentence yields one criminal history point because his sentence was shorter than 60 days and because it was imposed fewer than five years before the instant offense. *See* U.S.S.G. §§ 4A1.1(c); 4A1.2(d)(2)(B).

On January 10, 2012, the defendant was arrested by Antioch police officers conducting a traffic stop on the car that the defendant was driving. PSR ¶ 29. In the course of their investigation, the officers discovered that the rightful owner of this car had been carjacked less than two weeks earlier by three men, two of whom ordered the victim out of his car at gunpoint. *Id.* The officers also discovered that the defendant was carrying a gun in his waistband. *Id.* A Contra Costa County Superior Court convicted the defendant of possessing a concealed firearm and sentenced him to 45 days in county jail. *Id.* This sentence yields one criminal history point because his jail sentence was shorter than 60 days and because the conviction occurred fewer than 10 years ago. *See* U.S.S.G. §§ 4A1.1(c); 4A1.2(e)(2).

On October 9, 2012, Antioch police executed a warrant for the defendant's arrest for a probation violation. PSR ¶ 30. The defendant ran from the police and scaled the fences of several neighboring residences. *Id.* After apprehending the defendant, the police retraced his route of attempted escape and found a stolen, loaded, .357-caliber Smith & Wesson revolver near the first fence that the defendant had jumped. *Id.* A Contra Costa County Superior Court convicted the defendant of this illegal gun possession and sentenced him to 210 days in jail. *Id.* This sentence yields two criminal history points because the defendant's jail sentence was longer than 60 days and because the conviction occurred fewer than 10 years ago. *See* U.S.S.G. §§ 4A1.1(b); 4A1.2(e)(2).

On July 22, 2013, the defendant was arrested at gunpoint after he attempted to flee from officers conducting a traffic stop. PSR ¶ 31. The defendant had been the passenger in the stopped car. *Id.* Inspecting the car afterward, police found a loaded, .40-caliber Smith & Wesson semiautomatic handgun with obliterated serial number on the passenger's seat. *Id.* An Alameda County Superior Court convicted the defendant of being a felon in possession of a firearm and sentenced him to 120 days in county jail and five years of probation, which he violated by committing his instant offense. *Id.* The

defendant's sentence for the July 2013 crime yields two criminal history points because his jail sentence was longer than 60 days and because the conviction occurred fewer than 10 years ago. *See* U.S.S.G. §§ 4A1.1(b); 4A1.2(e)(2).

Finally, the defendant was under a criminal justice sentence when he committed the instant offense. *See* PSR ¶ 33. Therefore, he receives an additional two criminal history points. *See Id.*; U.S.S.G. § 4A1.1(d). Accordingly, the defendant has accumulated nine criminal history points, giving him a Criminal History Category of IV.

**B. The Defendant's Adjusted Offense Level is 13.**

The Guidelines' offense level calculation set forth in the 11(c)(1)(C) plea agreement is correct and consistent with the facts and the law. Prior to this offense, the defendant was convicted of two felonies –possessing a loaded firearm and being a felon in possession of a firearm. Thus, he was a prohibited person when he possessed the ammunition charged in this case. This establishes a base offense level of 14. *See* U.S.S.G. § 2K2.1(a)(6)(A). The defendant receives a two-level enhancement because the gun in his car had been reported stolen in the home burglary of a local police officer. *See* U.S.S.G. § 2K2.1(b)(4)(A). On the other side of the ledger, the defendant accepted responsibility and timely notified the government of his intention to plead guilty. Thus, he is entitled to a 3-level reduction in his offense level. *See* U.S.S.G. § 3E1.1(a)&(b). Accordingly, the Guidelines calculation in the PSR is correct, and the defendant has an Adjusted Offense Level of 13. *See* PSR ¶ 24.

**C. A 24-Month Sentence is the Reasonable and Appropriate Sentence in this Case.**

A 24-month prison term is the appropriate and just sentence in this case. This sentence properly accounts for the characteristics and criminal history of this defendant, who began committing crimes as a child and who has continued to possess weapons and ammunition despite knowing he has lost his right to do so. *See* 18 U.S.C. § 3553(a)(1). The government takes neither this pattern nor these crimes lightly: Instead, we believe that communities are held hostage by the fear of gun-toting criminals who walk their streets. However, we also note that the defendant is still a young man – only 21 years old – and that he has never been sentenced to more than seven months in jail. It is the government's hope that a 24-month federal prison term will impress upon Mr. Hardy that he has previously chosen a dangerous course of conduct that risks both his life and the lives others. We are hopeful that a 24-month prison

term will allow the defendant to reflect on his choices and to set a new course. The government also hopes that this prison term will demonstrate to Mr. Hardy that, if he does not change his ways, the government is serious about prosecuting him for future crimes.

The recommended sentence also appropriately considers the nature and circumstances of the instant offense, a felon's illegal ammunition possession. *See* 18 U.S.C. § 3553(a)(1). We feel that a 24-month sentence appropriately addresses Mr. Hardy's possession of ammunition and his proximity to a stolen gun. This type of gun possession is exactly what the felon-in-possession statute is intended to stamp out. Moreover, the recommended sentence serves the need for adequate deterrence, protection of the community from further crimes of the defendant, and just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A),(B),(C). In addition, it is "not greater than necessary": The defendant will still be younger than 25 years old when he is released from prison and in a position to contribute to the community, if he so chooses. *See* 18 U.S.C. § 3553(a). Finally, a 24-month sentence is within the applicable Guidelines range and will avoid unwarranted sentencing disparities for similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6).

**CONCLUSION**

The United States respectfully requests that the Court determine that the defendant, Kawan Hardy, has an Adjusted Offense Level of 13 and a Criminal History Category of IV. We also request that the Court sentence the defendant to 24 months in prison, 3 years of supervised release with a special search condition, forfeiture of all firearms and ammunition in the defendant's direct or indirect control, and a $100 special assessment.

DATED: June 21, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
AMANDA BECK
Special Assistant United States Attorney