1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  LAURIE KLOSTER GRAY (MNBN 0153618)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-4395
        Telephone: (415) 436-6557
7       Fax: (415) 436-6753
        Laurie.kloster.gray@usdoj.gov
8
   Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KAWAN HARDY,<br><br>    Defendant. | CR 14-00044 YGR<br><br>AS MODIFIED<br>[PROPOSED] ORDER OF DETENTION PENDING FURTHER HEARING ON SUPERVISED RELEASE VIOLATION PETITION |

On March 9, 2017, United States Probation Officer Jenna Russo filed a Petition for Arrest Warrant for Offender Under Supervision ("Form 12"), which alleged that defendant Kawan Hardy had committed two violations of his conditions of Supervised Release. Defendant was subsequently arrested and, on March 20, 2017, he made his initial appearance on the Form 12 petition. He was advised of the charges and maximum penalties that he faced. The United States moved that defendant be detained pursuant to Federal Rule of Criminal Procedure ("FRCP") 32.1(a)(6). The Court calendared the detention hearing for March 24, 2017, and ordered the Probation Officer to produce all relevant discovery in her possession to both parties.

1

On March 24, 2017, the parties appeared before the Court for the scheduled detention hearing. The Probation Officer was also present. At the outset, the United States stated that it was asking that the Court detain defendant as a danger to the community. The United States did not seek detention of defendant as a flight risk.

Following the oral proffers of counsel and the Probation Officer, as reflected on the record, the Court detained defendant finding that defendant had not met his burden, as required under FRCP 32.1(a)(6), of establishing by clear and convincing evidence that he did not pose a danger to the safety of the community. The Court noted defendant's criminal history as detailed in the Probation Officer's Presentence Investigation Report and summarized by the United States during the detention hearing. At the time that defendant was sentenced on his underlying felon-in-possession conviction, he was in criminal history category IV. Defendant's last four criminal convictions all involved his illegal possession of a firearm.

The Court also considered the nature and circumstances of the facts detailed in the state investigative reports provided by the Probation Officer to both parties. In February 2016, the Antioch Police Department began an investigation into the criminal activities of the Broad Day Killers street gang in Antioch, California. In August 2016, the investigation began intercepting communications pursuant to a court-ordered wiretap application. Among the communications intercepted were conversations by defendant with other gang members in which he discussed guns and drugs.

Based on the nature and circumstances of the violations alleged in the Form 12, as well as defendant's criminal history, the Court found that defendant failed to meet his burden of showing, by clear and convincing evidence, that he would not would be a danger to the community if released. Therefore, defendant is ordered detained as no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections

facility must deliver the defendant to the United States Marshal for court appearances. 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: May 5, 2017

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge