BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ELLEN SWAIN (CABN 310340)
Special Assistant United States Attorney
1301 Clay Street, Suite 340-S
Oakland, California 94612
Telephone: (510) 637-3680
Facsimile: (510) 637-3724
E-Mail: Ellen.Swain@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KAWAN HARDY,<br><br>Defendant. | NO. CR 14-00044-YGR<br><br>UNITED STATES' SENTENCING MEMORANDUM |

**I. <u>INTRODUCTION</u>**

On June 26, 2014, the Court sentenced defendant Kawan Hardy to 24 months in custody and three years of supervised release for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

The defendant's conduct with his intimate partner on July 22, 2017 gives rise to the instant Form 12 Petition, filed on August 1, 2017. According to the police report, the defendant picked his ex-girlfriend up in a car, threatened violence against her and her family, took her to a motel room and scrolled through her phone. He then punched her in the face, broke off two of her synthetic fingernails, and pulled out an earring. No criminal charges were filed in the state against the defendant.

The defendant is expected to admit to the violation and be sentenced at the hearing currently scheduled for November 30, 2017.

## II. RECOMMENDED SENTENCE

The first issue for the Court to determine is whether the uncharged conduct is properly characterized as a Grade A violation or a Grade C violation for purposes of the United States Sentencing Guidelines. The Form 12 lists the violation as a Grade A. Violations of California Penal Code section 273.5 can be charged as either a misdemeanor or as a felony, making it a "wobbler." The U.S. Probation Officer believes that the domestic assault is a Grade A violation, a felony-level crime of violence. The defense argues that the uncharged domestic assault is a misdemeanor and thus a Grade C violation. In light of the fact that no charges were filed by the state, the government does not believe it can sustain its burden of proving that the conduct at issue would be charged as a felony and thus, in an abundance of caution, believes that the violation should be construed as a Grade C violation.

"Under California law, a "wobbler" statue is presumptively a felony and 'remains a felony except when the discretion is actually exercised' to make the crime a misdemeanor," *United States v. Denton*, 611 F.3d 646, 651 (2010). However, that presumption does not exist when the conduct is uncharged in state court. *Id.* When, as here, the conduct is not charged, the district court must determine the proper characterization, since no presumption exists. "A district court should evaluate the seriousness of the defendant's uncharged conduct to decide whether that conduct would be punishable by more than one year's imprisonment," *Id.* at 652.

The government believes it does not have sufficient evidence to support a finding that the conduct would have resulted in a felony-level sentence of greater than a year imprisonment.[1] For this reason, the government believes the violation in this particular case should be construed as a Grade C violation.

[1] The question of whether it is a crime of violence is immaterial to this analysis, as the issue is isolated to whether it is felony or misdemeanor conduct. Felony-level California Penal Code section 273.5 convictions are crimes of violence, as Chief Judge Phyllis J. Hamilton recently found. *U.S. v. Grant*, 2016 WL 3648639 (07/08/2016).

That said, the government believes the conduct – even as admitted by the defendant – is serious and deserves a sentence at the high-end of the advisory Guidelines range. Defendant concedes that he became violent towards his former girlfriend in a motel room after a consensual sexual encounter. He broke two synthetic fingernails, pulled her earring out of her right ear and punched her face. The behavior warrants a prison sentence at the high-end of the recommended Sentencing Guidelines range. Such a sentence an appropriate consequence for the conduct and will deter the defendant from engaging in illegal activity upon release when he resumes a new term of supervised release.

The United States Sentencing Guidelines Manual § 7B1.3(a)(2) recommends that upon committing a Grade C violation, the Court may 1) revoke supervised release or 2) extend the term of supervised release and/or modify the conditions of supervision. Based on a criminal history category of IV and a Grade C violation, the Guidelines call for a 6-12 month custodial sentence. The government seeks a twelve-month term of custody to be followed by 24 months of supervised release upon completion of the custodial sentence.

DATED: November 21, 2017

Respectfully Submitted,

BRIAN J. STRETCH
United States Attorney

______/S/____________________
ELLEN SWAIN
Special Assistant United States Attorney